04048-00451-DCR
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
BY: Dante C. Rohr, Esquire
PA Attorney ID #: 82546
Woodland Falls Corporate Park
200 Lake Drive East ◙ Suite 300
Cherry Hill, NJ 08002
☎856-414-6000 🖷856-414-6077
dcrohr@mdwcg.com
Attorney for Defendant(s), Philadelphia Performing Arts Charter School

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HAWK TECHNOLOGY SYSTEMS, LLC<br><br>Plaintiff(s),<br><br>**vs.**<br><br>PHILADELPHIA PERFORMING ARTS CHARTER SCHOOL<br><br>Defendant/Third-Party Plaintiff,<br><br>**vs.**<br><br>ACCESS SECURITY CORPORATION and EXACQ TECHNOLOGIES, INC.<br><br>Third-Party Defendant. | CASE NO.: 2:16-cv-02655-JS |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

The defendant, Philadelphia Performing Arts Charter School ("PPACS"), by way of Answer to the plaintiffs' Complaint says:

**NATURE OF THE ACTION**

1. The allegations of paragraph 1 are denied as they call for a legal conclusion. To the extent a response is required, the allegations are denied.

2. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies them. By way of further answer, to the extent the allegations of this paragraph refer to a written document, any characterization of such document is denied.

**THE PARTIES**

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies them.

4. Admitted.

5. The allegations of paragraph 5 are denied as they call for a legal conclusion.

**JURISDICTION AND VENUE**

6. The allegations of paragraph 6 are denied as they call for a legal conclusion.

7. The allegations of paragraph 7 are denied as they call for a legal conclusion.

8. The allegations of paragraph 8 are denied as they call for a legal conclusion.

**FACTUAL BACKGROUND**

9. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies them.

10. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies them.

11. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies them.

12. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies them.

13. The allegations of paragraph 13 are denied as they call for a legal conclusion. To the extent an answer is required, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies them.

14. The allegations of paragraph 14 are denied as they call for a legal conclusion. To the extent an answer is required, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies them.

15. The allegations of paragraph 15 are denied as they call for a legal conclusion. To the extent an answer is required, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies them.

## CLAIM OF THE '462 PATENT

16. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies them. By way of further answer, to the extent the allegations of this paragraph refer to a written document, any characterization of such document is denied.

17. The allegation of infringement is denied. The defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in this paragraph and therefore denies them. By way of further answer, to the extent the allegations of this paragraph refer to a written document, any characterization of such document is denied.

18. Denied.

19. Denied.

20. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies them.

21. Denied.

22. The allegations of infringement and damages are denied.

**COUNT I**
**DIRECT INFRINGEMENT**

23. The answers to the allegations set forth in paragraphs 1 through 22 are incorporated herein by reference.

24. Denied.

25. Denied.

Wherefore, Philadelphia Performing Arts Charter School denies that the plaintiff is entitled to the relief sought, demands that the Complaint be dismissed and that it be awarded attorneys' fees, interest, costs of suit and such other relief as the Court deems just and proper.

**AFFIRMATIVE DEFFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff's Complaint fails to state facts sufficient to state a cause of action and fails to state any claim against PPACS upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

PPACS has not infringed and does not infringe, directly, contributively, or by inducement, any valid and enforceable claim of US Patent No 6,145,899 (the '899 patent), either literally or under the doctrine of equivalents.

**THIRD AFFIRMATIVE DEFENSE**

One or more of the claims in the '462 patent are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§101, 102, 103 and 112.

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiff's claims against PPACS are barred, in whole or in part, by the doctrines of prosecution history estoppel and disclaimer.

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiff's claims against PPACS are barred, in whole or in part, by 35 U.S.C. §287.

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiff's claims against PPACS for recovery are barred, in whole or in part, by 35 U.S.C. §286.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that the plaintiff asserts that PPACS has committed or is committing direct or indirect infringement of the '462 patent, PPACS is not liable for its acts alleged to have been performed before it knew that its actions could cause infringement.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred, in whole or in part, by 35 U.S.C. §288.

**NINTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred, in full or in part, by the doctrines of waiver, estoppel, acquiescence or laches.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint is barred pursuant to the Statute of Limitations applicable, and the answering defendant reserves the right to move to dismiss.

**ELEVENTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred pursuant to the Doctrine of Accord and Satisfaction.

**TWELTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred or limited by any applicable disclaimer, limitations, or waivers.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The plaintiff has failed to join a necessary or indispensible party under Federal Rule of Civil Procedure 19.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The damages alleged were caused by the actions of third parties over whom the answering defendant exercised no right of control.

**FIFTHTEENTH AFFIRMATIVE DEFENSE**

Venue is improper, and the defendant reserves its right to move for dismissal or transfer of venue.

**EIGHTTEENTH AFFIRMATIVE DEFENSE**

The answering defendant is not a proper party to this litigation.

**NINETEENTH AFFIRMATIVE DEFENSE**

The answering defendant performed each and every duty allegedly owed.

**TWENTIETH AFFIRMATIVE DEFENSE**

The answering defendant breached no duties allegedly owed.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

The answering defendant denies the claims for attorneys' fees and costs.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

The plaintiff has failed to mitigate its damages.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

The answering defendant claims all defenses available under state and federal law, statutes and regulations.

**RIGHT TO AMEND ANSWER**

The answering defendant reserves the right to amend its Answer to assert additional defenses based upon pretrial discovery.

The answering defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may exist or in the future be available based on discovery and further factual investigation in this case.

Wherefore, Philadelphia Performing Arts Charter School denies that the plaintiff is entitled to the relief sought, demands that the Complaint be dismissed and that it be awarded attorneys' fees, interest, costs of suit and such other relief as the Court deems just and proper.

**COUNTERCLAIM**

PPACS, by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby files this Counterclaim against Hawk Technology Systems, LLC, and in support thereof, alleges, upon information and belief:

1. PPACS is a Pennsylvania non-profit Corporation with its principal place of business at 2600 South Broad Street, Philadelphia, Pennsylvania.

2. Upon information and belief, Hawk is a Florida limited liability corporation with its principal place of business at 2 South Biscayne Blvd., Suite 3800, Miami, Florida.

3. The Court has personal jurisdiction over Hawk by virtue of its filing of its Complaint.

4. Venue is appropriate for PPCAS' counterclaims because Hawk has consented to the propriety of venue in this Court by filing its Complaint.

**COUNT ONE**

5. PPACS incorporates and re-alleges the preceding paragraphs of its Answer and Counterclaim as if set forth at length herein.

6. By its Complaint, Hawk alleges that PPACS has infringed the ‘462 patent, and that as the owner of the ‘462 patent, it is entitled to relief for PPACS’s alleged infringement of the ‘462 patent. PPACS has denied these allegations and contends that it does not infringe the ‘462 patent or any valid and enforceable claims thereof. A justifiable controversy therefore exists between Hawk and PPACS. Because this counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201, et seq.

7. By this Counterclaim, PPACS seeks a declaratory judgment pursuant to 28 U.S.C. §2201(a) that it does not infringe the ‘462 patent or any valid and enforceable claims thereof.

8. A judicial declaration is necessary and appropriate at this time in order that PPACS may ascertain its rights and duties with respect to the ‘462 patent.

**COUNT TWO**

9. PPACS incorporates and re-alleges the preceding paragraphs of its Answer and Counterclaim as if set forth at length herein.

10. By its Complaint, Hawk alleges that the ‘462 patent is valid. PPACS has denied these allegations and contends that the ‘462 patent is invalid under 35 U.S.C. §§101, 102, 103 or 112. A justifiable controversy therefore exists between Hawk and PPACS. Because this counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a), and 28 U.S.C. §2201 et seq.

11. By this Counterclaim, PPACS seeks a declaratory judgment pursuant to 28 U.S.C. §2201(a) that the ‘462 patent is invalid under 35 U.S.C. §§ 101, 102, 103 or 112.

12. A judicial declaration is necessary and appropriate at this time un order that PPCAS may ascertain its rights and duties with respect to the ‘462 patent.

WHEREFORE, PPACS respectfully prays that this Honorable Court enter judgment in its favor and against Hawk Technology Systems' LLC along with the following relief:

(a) That Hawk's Complaint be dismissed with prejudice and that Hawk take nothing by way of its Complaint;

(b) That Hawk is not entitled to any of its requested relief whatsoever;

(c) Declaratory Judgment that claims of the ‘462 patent are invalid;

(d) Declaratory Judgment that PPACS has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claims of the ‘462 patent, literally or under the doctrine of equivalents, or under any subsection of 35 U.S.C. §271;

(e) Together with interest, costs, attorneys' fees and such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that answering defendant hereby demands a trial by jury as to all issues.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

Date: 6-28-16

By: */s/ Dante C. Rohr*

Dante C. Rohr
I.D. No. 82546
Marshall, Dennehey, Warner,
Coleman & Goggin
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08003
(856) 414-6412
dcrohr@mdwcg.com
Counsel for Defendant/Third-Party Plaintiff
Philadelphia Performing Arts Charter
School